**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| CALIL D. CLARK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. No. 24X-01077 |
| | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER DENYING PETITION FOR EXPUNGEMENT

This 9th day of August, 2024, the foregoing Petition for Expungement of Criminal Record of Calil Clark ("Petitioner"), the State's Response to Petition for Expungement, and the record in this case, having been considered:

1. On August 24, 2014, Petitioner was arrested in Case No. 1408019085 for the following offenses: Possession of a Deadly Weapon (firearm) by a Person Prohibited; Possession of Marijuana; Hindering Prosecution; Carrying a Concealed Dangerous Instrument; Driving Under the Influence of Alcohol ("DUI"); Carrying a Concealed Deadly Weapon (firearm); Possession of Drug Paraphernalia; Driving without Insurance; Failure to Possess Vehicle Registration; Driving without a Driver's License in Possession; and Careless Driving.

On October 16, 2017, Petitioner pled guilty to Possession of a Deadly Weapon by a Person Prohibited in violation of 11 *Del. C.* § 1448(a), and Reckless Driving,

1

Alcohol Related in violation of 21 *Del. C.* § 4175(b). The remaining charges were dismissed. Subsequently, the Petitioner appeared before the Board of Pardons seeking a pardon for the convictions on his State of Delaware criminal record. On or about April 17, 2023, the Governor granted Petitioner an unconditional pardon.

2. On or about March 25, 2024, Petitioner filed a Petition for Expungement ("Petition"). In the Petition, when asked to explain how he has been negatively affected by the continued existence and possible dissemination of his criminal record (as required by 11 *Del. C.* § 4374), Petitioner wrote:

> What I done years ago was wrong and I am sorry for what I done. I am asking the Board for a second chance. I am working and have become a better person. I am asking the Board for a second chance if possible. I thank the Board for their decision.

3. On July 29, 2024, the State filed its Response to the Petition for Expungement, concluding that since this was Petitioner's only criminal arrest, and he has remained out of the criminal justice system for more than ten years, this arrest was an "isolated incident," Petitioner has "learned from his errors," and he "is not at risk for re-offending."[1] The State did not oppose the Petition.

---

[1] *See* State's Response to Petition for Expungement at 1-2.

**DISCUSSION**

4. Section 4374 of Title 11 requires a Petitioner to provide this Court specific facts, by a preponderance of the evidence, how the existence and possible dissemination of his criminal record is negatively impacting him. While Petitioner's admission of accepting responsibility and expressions of regret are commendable, he has failed to meet his burden under the statute to demonstrate, with specific facts, how he is negatively influenced by the existence and possible dissemination of his criminal record.[2]

5. Second, Defendant was arrested for Driving Under the Influence of Alcohol, and resolved this charge with a plea to Reckless Driving - Alcohol Related, pursuant to 21 *Del. C.* § 4175.[3] Alcohol related driving charges are generally ineligible for expungement.[4] And, just like the conviction for a DUI - First Offense Election in *Trulock* was "used to determine enhanced sentencing under the [DUI] statute," a conviction for Reckless Driving Alcohol Related is considered a "prior offense" for enhanced sentencing purposes in the DUI statutory sentencing scheme.[5]

---

[2] The Court also notes this was not Defendant's only arrest and conviction. He was arrested March 16, 2013 by the Maryland State Police for drug related charges and was eventually convicted of Possession of Marijuana (PBJ) in that jurisdiction. That charge remains on his Maryland Criminal History.

[3] *See* Petition for Expungement, Delaware State Bureau of Identification Criminal History Record of Calil D. Clark.

[4] *See* 11 *Del. C.* § 4372(f)(2); *11 Del. C.* § 4374(i); *also see Trulock v. State*, 2004 WL 3354224, at * 3 (Del. Super. April 13, 2004).

[5] *See Daniels v. State*, 246 A.3d 557, 566 at fn. 2 (Del. 2021).

Consistent with this Court's prior holding in *Trulock*, the Petition will be denied on this second, independent basis.

**THEREFORE, IT IS HEREBY ORDERED** that the Petition for Expungement of Criminal Record is **DENIED**.

                                               _/s/ *Martin B. O'Connor*
                                               The Honorable Martin B. O'Connor

oc:    Prothonotary
        Abolore Oshodi, Deputy Attorney General
        Calil D. Clark